Benjamin S. Softness (SBN: 361435)
bsoftness@kslaw.com
**KING & SPALDING LLP**
50 California Street, Suite 3300
San Francisco, CA 94111
Telephone: (415) 318-1251

Zachary A. McEntyre (*pro hac vice forthcoming*)
zmcentyre@kslaw.com
**KING & SPALDING LLP**
1180 Peachtree Street NE, Suite 1600
Atlanta, GA 30309
Telephone: (404) 572-4636

Laura E. Harris (*pro hac vice forthcoming*)
lharris@kslaw.com
**KING & SPALDING LLP**
1290 Avenue of the Americas, 14th Floor
New York, NY 10104
Telephone: (212) 790-5360

*Attorneys for Defendant Google LLC*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| In re Google RTB Consumer Privacy Litigation, | Case No. 4:21-cv-02155-YGR (VKD) |
| This Document Relates to: *all actions* | **GOOGLE LLC'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED PURSUANT TO CIVIL LOCAL RULES 3-12 AND 7-11** |

Google LLC ("Google") hereby moves pursuant to Civil Local Rules 3-12 and 7-11 of the U.S. District Court for the Northern District of California, for an order designating the cases captioned *McGrath v. Google LLC*, No. 3:26-cv-01446-CRB (N.D. Cal.), *Nadeau v. Google LLC*, No. 3:26-cv-01454-AMO (N.D. Cal.), and *Jenkins v. Google LLC*, No. 4:26-cv-01481-YGR (N.D. Cal.) as related to *In re Google RTB Consumer Privacy Litigation*, No. 4:21-cv-02155-YGR (N.D. Cal.) ("Google RTB"), the first-filed action.[1]

## BACKGROUND

The Google RTB litigation was filed in June 2020 and ended March 26, 2026, when this Court granted the Motion for Final Approval of Class Action Settlement. *See* Dkt. No. 813. In that litigation, the plaintiffs alleged that Google unlawfully shares and sells its account holders' information through its real-time bidding ("RTB") auction system to advertisers in violation of the users' contracts with Google. They also asserted privacy-based claims under common law and state and federal statutes, including the California Information Privacy Act ("CIPA") and the Electronic Communications Privacy Act ("ECPA").

The *McGrath*, *Nadeau*, and *Jenkins* actions were all filed on February 19, 2026—two days after the hearing on the Google RTB Plaintiffs' Motion to Certify a Settlement Class and Grant Final Approval of Class Action Settlement. *See* Dkt. No. 809. All three Plaintiffs allege Google violated the ECPA and state privacy laws through its RTB system. Specifically, they focus on the allegation that Google collects users' personal information (for example, their browsing history, search terms, and device identifiers) and shares it, without their consent and in violation of the Bulk Sensitive Data Rule ("BSDR"), 28 C.F.R. § 202 *et seq.*, with advertisers that are designated as "Covered Entities" by that regulation (specifically, advertisers that (i) are 50% or more owned, directly or indirectly, individually or in the aggregate, by the People's Republic of China, (ii) are organized under the laws of the People's Republic of China, or (iii) have their principal place of business in the People's Republic of China). The alleged BSDR violation, these Plaintiffs argue,

---

[1] A copy of the February 19, 2026 Complaints filed in *McGrath*, *Nadeau*, and *Jenkins* are attached hereto as Exhibits A, B, and C, respectively, to the Declaration of Benjamin S. Softness in Support of this motion ("Softness Decl.").

1

ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED PURSUANT TO CIVIL LOCAL RULES 3-12 AND 7-11

constitutes a violation of the ECPA.

## LEGAL STANDARD

Under Local Rule 3-12, "[a]n action is related to another when: (1) [t]he action concerns substantially the same parties, property, transaction, or event, and (2) [i]t appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." L.R. 3-12(a).

## ARGUMENT

The *McGrath*, *Nadeau*, and *Jenkins* Actions should be related to the Google RTB litigation pursuant to Local Rule 3-12.[2] To start, the cases all satisfy the rule's first prong because they concern substantially the same parties and underlying claims. Google is the sole defendant and its RTB system is the subject of all four actions. Moreover, the core allegations in each action are the same: Google violated privacy and other laws through the use of its RTB system. *Compare* Dkt. No. 92 ("Google RTB Compl.") ¶¶ 19–20 ("Google's dissemination and sale of the type of Bidstream Data available in Google RTB violates Google's express contractual promises" and "laws prohibiting Google from selling account holders' personal and/or sensitive information[.]") *with McGrath* Compl. ¶ 3 (similar), *Nadeau* Compl. ¶ 3 (similar), and *Jenkins* Compl. ¶¶ 6–7 (similar). That the Plaintiffs in *McGrath*, *Nadeau*, and *Jenkins* assert privacy claims that reference the BSDR does not change the fact that *McGrath*, *Nadeau*, and *Jenkins* are follow-on cases to the Google RTB litigation and all relate to the RTB system and purported privacy harms to consumers. *See Does 1-3 v. Roblox Corp.*, 2026 WL 446259, at *1 (N.D. Cal. Feb. 17, 2026) ("Although the [cases] differ with regard to the harm alleged to the plaintiffs in each, they share the key defendant party . . . and allegations related to that defendant's conduct[.] This is sufficient for relation under Local Rule 3-12."); *see also Ervin v. Judicial Council of Cal.*, 2007 WL 1489165, at *2 (N.D. Cal. May 18, 2007) (cases were "substantially similar" even when one case "added new parties and causes of action").

---

[2] Plaintiffs have filed an administrative motion in *McGrath* to relate *Nadeau* and *Jenkins* to that action. Plaintiffs' motion argues that Google RTB is not related. Rather than oppose that motion, pursuant to Local Rule 3-12(e), Google has filed this motion on the docket of the lowest-numbered case requesting that the Judge consider whether the cases are related. A copy of this motion will be filed in *McGrath*, *Nadeau*, and *Jenkins* pursuant to Local Rule 3-12(b).

ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED PURSUANT TO CIVIL LOCAL RULES 3-12 AND 7-11

Second, there is likely to be unnecessary and burdensome duplication of labor and expense, as well as the possibility of conflicting results, should these cases not be deemed related to the Google RTB litigation and assigned to this Court. As noted above, the Google RTB litigation proceeded before this Court and was heavily litigated for over four years, during which time the Court ruled on a motion to dismiss, numerous discovery disputes, and a motion for class certification. Each of these motions required familiarity with the complex technology at issue, and concerned substantially similar claims to those asserted in *McGrath*, *Nadeau*, and *Jenkins*. As a result, this Court is already familiar with the technology, many of the key underlying facts, and similar legal theories that will be relevant in the new cases.

In sum, *McGrath*, *Nadeau*, and *Jenkins* are premised on the same factual allegations regarding Google's RTB system, the same defendant (Google), and substantially the same legal theories. Given Judge Gonzalez Rogers's and Judge DeMarchi's experience presiding over the Google RTB litigation and the Court's familiarity with the relevant technology, claims, and defenses, the disposition of *McGrath*, *Nadeau*, and *Jenkins* would entail unnecessary duplication of judicial labor if heard by any other Judge.

For these reasons, Google respectfully requests that *McGrath* and *Nadeau* be transferred to this Court, which already has been assigned to *Jenkins*.

ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED PURSUANT TO CIVIL LOCAL RULES 3-12 AND 7-11

Dated:  April 17, 2026

*/s/ Benjamin S. Softness*

Benjamin S. Softness (SBN: 361435)
bsoftness@kslaw.com
**KING & SPALDING LLP**
50 California Street, Suite 3300
San Francisco, CA 94111
Telephone: (415) 318-1251

Zachary A. McEntyre (*pro hac vice forthcoming*)
zmcentyre@kslaw.com
**KING & SPALDING LLP**
1180 Peachtree Street NE, Suite 1600
Atlanta, GA 30309
Telephone: (404) 572-4636

Laura E. Harris (*pro hac vice forthcoming*)
lharris@kslaw.com
**KING & SPALDING LLP**
1290 Avenue of the Americas, 14th Floor
New York, NY 10104
Telephone: (212) 790-5360

*Attorneys for Google LLC*

4

ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED PURSUANT
TO CIVIL LOCAL RULES 3-12 AND 7-11